J-S19008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.                      :
:
:
NICHOLAS DUPREE           :
:
Appellant          :   No. 467 EDA 2019

Appeal from the PCRA Order Entered January 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000172-2010

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                 **FILED JUNE 08, 2020**

Nicholas Dupree appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> Appellant perpetrated several acts of sexual misconduct upon his then nine[-]year[-]old biological daughter, N.D. Previously, in 2007, Appellant pled guilty to simple assault for conduct of sexually inappropriate behavior against the same child when she was six years old.  In the instant case, N.D. gave a detailed account of four incidents which occurred in 2009 where Appellant engaged in conduct such as licking her private parts, placing his fingers in her anus, and ejaculating in her mouth.  He also had the child perform oral sex on him.  On one occasion Appellant had N.D. enter a room where she found him naked and masturbating.  After the sexual encounters, Appellant gave N.D. money and admonished her not to tell.  Eventually N.D. disclosed to her grandmother who tried to reach the child's mother, Taneisha Sowell, but was unsuccessful in doing so for a period of time.  Once contacted, the mother filed a police report the following day.

When Sowell confronted Appellant about the allegations, he denied them. Later, Appellant through Sowell sent a letter to N.D. stating, *inter alia*, that he was 'sorry for all the wrongs' he had done and promised to 'make up for everything.' A second letter from Appellant to N.D. stated that he was sorry for his conduct and asked for forgiveness.

At trial, Appellant denied the allegations, testifying that he was never alone with N.D. after the simple assault plea, and that Sowell bribed N.D. to lie because he refused to renew their relationship. Evidence of Sowell's prison visits to Appellant, along with text messages and letters between the two were introduced.

. . . .

On November 23, 2009 Appellant was arrested and charged with involuntary deviate sexual intercourse, incest, corruption of minors, and aggravated indecent assault and on September 14, 2012, following a jury trial before this court, he was found guilty of those crimes. On May 13, 2013 Appellant was sentenced to a lengthy term of incarceration followed by probation. On May 22, 2013 Appellant filed a motion for reconsideration and the motion was denied. Appellant filed an appeal on June 3, 2013. On July 29, 2014 judgement of sentence was affirmed by the Superior Court of Pennsylvania. Appellant's timely *pro se* [PCRA petition] was filed on July 27, 2015. PCRA counsel was appointed and entered appearance on September 1, 2016. A *Grazier*[1] hearing was held December 21, 2016 granting Appellant's motion to proceed *pro se*. Thereafter, Appellant filed an amended *pro se* petition on February 23, 2017 and a supplemental amended petition on July 24,2018. PCRA relief was denied without a hearing with formal dismissal on January 29, 2019. This timely appeal followed on February 5, 2019.

PCRA Court Opinion, 6/13/19, at 2-3, 1 (citations, unnecessary capitalization, and repetition of amounts in numerical form omitted).

---

[1] *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

Appellant presents the following question for this Court's review:

The inferior court has abdicated its responsibility to prevent the triumph of fraud, and, where a judgment has been obligated by fraud, it permitted its own records and processes to be the instruments of infamy. Appellant being confined under a void judgment procured by fraud is entitled to an unconditional discharge and equitable relief by operation of the Due Process Clause of the Fourteenth Amendment, –and on the principle that "fraud vitiates everything it touches." *Sallada v. Mock*, 121 A. 54, 55 (1923). *Accord Brittain v. Hope Enters.*, 163 A.3d 1029 (2017) (quoting *Sallada v. Mock*, 121 A. 54, 55 (1923)). *Accord Commonwealth v. Harper*, 890 A.2d 1078, 1082 (2006); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944); *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).

Appellant's brief at 4.

We begin with the principles pertinent to our review. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

While Appellant pled an array of claims in the PCRA court, the only one he raises in his statement of questions to this Court is his allegation that the trial court lacked jurisdiction over the underlying case because the charging instrument was signed by someone without authority to do so. Specifically,

Appellant pursues the claim raised in his supplemental PCRA petition that the bill of information initiating his case was signed by someone who did not work for the district attorney's office at the time he was charged. **See** Motion to Supplement Petition, 7/24/18, at 3-7. **See also** Appellant's brief at 21-28.

The PCRA court addressed this claim as follows:

> The primary thrust of Appellant's complaints center about his misguided belief that the bills of information are fraudulent thereby negating the court's jurisdiction over him; and, that anything or anyone related to those documents are engaged in a fraudulent conspiracy to deprive him of due process. This is a bogus, unfounded claim.
>
> Appellant seeks to benefit from the resignation of Seth Williams as Philadelphia. District Attorney and his subsequent 2017 criminal conviction in federal court. At the time of Appellant's arrest in 2009, throughout trial and sentencing in 2013, Williams was the Philadelphia District Attorney. The Commonwealth has supplied a copy of the original bills of information signature page bearing William's signature dated 1/20/2010.
>
> When Williams resigned as Philadelphia District Attorney in June 2017, Kathleen Martin held the position of First Assistant District Attorney, and as such, rightfully assumed his duties until an Interim District Attorney was appointed by the First Judicial Common Pleas Court Judges. Kelly B. Hodge was appointed to the interim position in July 2017. The bills of information generated for Appellant at his request in 2017 bore Martin's signature for which the Commonwealth offered an explanation.[2] There was no forgery; there was no fraud.

_____

[2] Specifically, the Commonwealth offered the following explanation:

> [T]hese signatures are regenerated at the time they are accessed and reprinted. Here, in defendant's supplemental petition, he attaches a copy of the bills of information that have a "date printed" timestamp of "08/16/2017," which would coincide with

Here, Williams's signature was on the original charging document. Moreover, Martin's signature on documents generated during her time as acting district attorney would be valid. The laws of Pennsylvania, address precisely this situation for counties of the first class, such as Philadelphia:

> 16. P.S. § 7723 - The District attorney shall have the power to designate and appoint one of the assistant district attorneys, herein provided for, as his first assistant, who shall, in the absence of the district attorney from the jurisdiction or during his disability to perform the duties of his office through sickness or other cause, be vested with all the duties, powers, and privileges now given by law to the district attorney, and generally, at such times, be empowered to do and perform all things in connection with his office which the district attorney may be law be entitled to do or perform.

Appellant is not entitled to relief based on this speculative claim. Error was not committed.

PCRA Court Opinion, 6/13/19, at 3-4 (unnecessary capitalization omitted).

In this Court, Appellant persists in contending that the copy of the document printed in 2017 that automatically incorporated the signature of the person then acting as District Attorney was the same one that initiated his case in 2010. His only acknowledgment of the Commonwealth's explanation,

---

the period of time that Ms. Martin served as acting District Attorney of Philadelphia District Attorney's Office. Located in the Commonwealth's trial file are the bills of information dated "1/20/2010," and on that document is then District Attorney Seth Williams's signature.

Commonwealth Letter Brief, 9/11/18, at 2-3 (citations omitted). The Commonwealth's filing included a copy of the original 2010 bill of information signed by Mr. Williams. **See id**. at Exhibit A.

- 5 -

accepted by the PCRA court, is that the PCRA "court's assessment of the facts (below) includes unsupported argument; is self-contradicting, and is based on personal knowledge of disputed facts, and information conveyed through '*ex parte* communications' (outside of any record or proceeding in the case) . . . ." Appellant's brief at 17 n.11. However, the information relied upon by the PCRA court clearly was not *ex parte*, as it is filed of record and was served upon Appellant.

In our review of the record, the PCRA court opinion, and the parties' briefs, we conclude that the PCRA court's determinations are supported by the record and free of legal error. Accordingly, Appellant has failed to convince us that relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/20