2018 PA Super 311

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LISA FERRERI A/K/A LISA A. | : | |
| FERRERI | : | |
| | : | No. 868 EDA 2018 |
| Appellant | | |

Appeal from the Order February 13, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2009-42684

BEFORE:   BENDER, P.J.E., NICHOLS, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                **FILED NOVEMBER 26, 2018**

Appellant, Lisa Ferreri a/k/a Lisa A. Ferreri, appeals from the order entered in the Court of Common Pleas of Montgomery County on February 13, 2018, denying Appellant's petition to set aside sheriff's sale.  We affirm.

This Court previously summarized the facts and procedural history of the judgment-phase of this case as follows:

> Wachovia Bank, N.A. ("Wachovia") instituted this mortgage foreclosure action after Appellant defaulted on her mortgage for 1516 Surrey Lane in Wynnewood, Pennsylvania, in the amount of $269,015.93.  After serving Act 91 notice of its intent to foreclose, Wachovia eventually filed a second Amended Complaint.  Appellant responded with an Answer that included general denials, and an admission that she mortgaged the property to Wachovia. Appellant also raised twenty-six affirmative defenses, which the trial court dismissed with prejudice.
>
> On April 14, 2014, Wells Fargo Bank, N.A. ("Wells Fargo") became the plaintiff in this action pursuant to Pa.R.C.P. No. 2352 as Wachovia's successor by merger.  On July 3, 2014, Wells Fargo filed a Motion for Summary Judgment.  On

_____
*   Former Justice specially assigned to the Superior Court.

August 1, 2014, Appellant filed her response admitting that she had executed the note and mortgage, that she was in default, and that Wells Fargo merged with Wachovia as its successor generally.

On January 16, 2015, the trial court granted Wells Fargo's Motion for Summary Judgment and entered Judgment on January 22, 2015. On January 26, 2015, Appellant filed a 424-page Motion for Reconsideration. On February 9, 2015, Appellant filed a Notice of Appeal before the trial court had ruled on Appellant's Motion for Reconsideration.

**Wells Fargo Bank, N.A. v. Ferreri**, No. 403 EDA 2015, unpublished memorandum at 1-2 (Pa.Super. filed Nov. 15, 2016).

This Court affirmed the January 16, 2015 order granting summary judgment in favor of Wells Fargo. **See id.** The property subsequently sold at a sheriff's sale on January 25, 2017. The parties stipulated to an order setting aside that sale subject to, *inter alia*, Wells Fargo relisting the property for a sheriff's sale and amending and sending notice pursuant to Pa.R.C.P. 3129.1. The property was initially relisted for a September 17, 2017 sheriff's sale, but Wells Fargo voluntarily continued the sale until October 25, 2017. On September 20, 2017, Wells Fargo served notice of the October 25, 2017 sheriff's sale on Appellant's counsel by first-class mail pursuant to Pa.R.C.P. 3129.2(c)(1)(ii). The property sold at the second sheriff's sale to Federal National Mortgage Association for $2,730.50.

On November 9, 2017, Appellant filed a petition to set aside the sheriff's sale, and the trial court entered an order denying the petition on February 13, 2018. Appellant filed a timely notice of appeal on March 5, 2018. The trial

court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant presents the following issue for our review:

> Did the trial court commit an error of law and abuse its discretion when it denied Appellant's Petition to Set Aside Sheriff's Sale, where Wells Fargo failed to comply with the service requirements of Pa.R.C.P. 3129.1 and 3129.2?

Appellant's Brief at 4.

Appellant argues Wells Fargo failed to properly serve her with notice of the sheriff's sale. Appellant contends Pa.R.C.P. 3129.2 required that Wells Fargo personally serve Appellant with notice of the sale in her capacity as the owner of the property, and asserts Wells Fargo's service of notice on Appellant's counsel by mail was insufficient.

Appellant maintains personal service upon the property owner is always mandatory under Pa.R.C.P. 3129.2, even when the property owner has entered an appearance, unless the plaintiff obtains a special order of court permitting an alternative form of service. Appellant argues that even if she had actual notice of the sheriff's sale, it would not excuse Wells Fargo's failure to comply with the notice requirements of Rule 3129.2, which implicate due process.

Appellant avers Wells Fargo represented that it was going to serve her personally as property owner, she relied on that representation, and Wells Fargo's subsequent notice was inadequate resulting in prejudice because it deprived Appellant of her lifelong home without due process. Appellant

concludes the trial court erred when it denied Appellant's petition to set aside sheriff's sale based on Wells Fargo's defective notice.

The following principles govern this Court's review of an order ruling on a petition to set aside a sheriff's sale:

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.
>
> An abuse of discretion is not merely an error of judgment. Furthermore, it is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the trial court.
>
>> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

**GMAC Mortgage Corp. of PA v. Buchanan**, 929 A.2d 1164, 1167 (Pa.Super. 2007) (internal citations omitted).

"No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and

- 4 -

the notice required by Rule 3129.2 has been served." Pa.R.C.P. 3129.1(a).

Pennsylvania Rule of Civil Procedure 3129.2 requires written notice of the sale

of real property "to all persons whose names and addresses are set forth in

the affidavit required by Rule 3129.1." Pa.R.C.P. 3129.2(a). Rule 3129.2

states as follows regarding service of the notice:

**Rule 3129.2. Notice of Sale. Handbills. Written Notice. Publication**

\* \* \*

(c) The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1.

(1) Service of the notice shall be made

(i) upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.

(A) by the sheriff or by a competent adult in the manner prescribed by Rule 402(a) for the service of original process upon a defendant, or

\* \* \*

(B) by the plaintiff mailing a copy in the manner prescribed by Rule 403 to the addresses set forth in the affidavit; or

(C) if service cannot be made as provided in subparagraph (A) or (B), the notice shall be served pursuant to special order of court as prescribed by Rule 430, except that if original process was served pursuant to a special order of court under Rule 430 upon the defendant in the judgment, the notice may

be served upon that defendant in the manner provided by the order for service of original process without further application to the court; and

(ii) upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440, and

(iii) upon each other person named in the affidavit by the plaintiff by ordinary mail at the address set forth in the affidavit with the return address of the plaintiff appearing thereon. The plaintiff shall obtain from the U.S. Postal Service a Form 3817 Certificate of Mailing. Service shall be complete upon mailing. If the mail is returned the validity of the service shall not be impaired and the sale shall proceed at the time fixed in the notice.

Pa.R.C.P. 3129.2(c). Rule 440, in turn, permits service "by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree." Pa.R.C.P. 440(a)(1)(i).

The notice requirements of Pa.R.C.P. 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property. Because notice is the most basic requirement of due process, [it] must be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.

***First Eastern Bank, N.A. v. Campstead, Inc.***, 637 A.2d 1364, 1366 (Pa.Super. 1994) (internal citations and quotation marks omitted).

Additionally, "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which

they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

Here, a sheriff's sale of the property initially took place on January 25, 2017. The parties subsequently stipulated to a consent order, which set aside the January 25, 2017 sheriff's sale and directed Wells Fargo to send amended notice of the rescheduled sale pursuant to Pa.R.C.P. 3129.1. On July 6, 2017, Wells Fargo filed a praecipe for a new writ of execution on the property, which listed the date of sale as September 27, 2017. The sale was then continued until October 25, 2017.

An affidavit from the Montgomery County Sheriff's Deputy indicates that the Sheriff's Deputy posted a handbill to the property on August 11, 2017, notifying Appellant that the sale was scheduled for October 25, 2017. On September 20, 2017, Wells Fargo sent notice of the October 25, 2017 sheriff's sale to Appellant's counsel of record via first-class mail. As Appellant was a defendant in the case represented by counsel, who had entered an appearance, Wells Fargo's service of notice complied with Rule 3129.2(c)(1)(ii).

Appellant nevertheless insists she was entitled to notice of the sale via the means of service prescribed by subsection (c)(1)(i), in her capacity as property owner, or the words "and upon the owner of the property" would be surplusage. Assuming without deciding that Appellant's interpretation of Rule

3129.2 is correct, she has failed to satisfy her burden to show that any technical deficiency in Wells Fargo's method of service resulted in prejudice. Appellant makes no claim that she lacked actual notice of the sheriff's sale. Notice was sent to Appellant's counsel of record more than thirty days in advance of the date of the sale.

In her brief, Appellant appears to concede that this notice made her aware the sale was rescheduled for October 25, 2017, regardless of her claim that she still expected personal service of notice. **See** Appellant's Brief at 7 (stating: "Instead, Wells Fargo continued the Sheriff's Sale to October 25, 2017. Ms. Ferreri reasonably concluded that this was because Wells Fargo had not yet personally served her with notice of the Sheriff's Sale"). Additionally, handbills regarding the sale were posted on the property, where Appellant admits she resides, in accordance with Pa.R.C.P. 3129.2(b).

These forms of notice were "reasonably calculated to inform" Appellant of the pending sale and contained "the information necessary to provide an opportunity to present objections." **See Campstead**, **supra** at 1366. Under the circumstances of this case, we do not find that the lack of personal service deprived Appellant of due process or otherwise substantially affected her rights. **See id.**; Pa.R.C.P. 126.

**Campstead** does not compel a different result. In that case, the appellant initially received notice by letter that a sheriff's sale had been scheduled for December 11, 1991. **Id.** at 1365. One of the appellant's

corporate officers appeared for the sale on that date but learned that it had been continued. *Id.* The sale was ultimately rescheduled for January 29, 1992, but notice of this new sale date was not given to the appellant. *Id.* The officer, however, learned of the continued sale date on January 28, 1992, and attended the sale. *Id.* This Court held that under the specific circumstances of the case, the appellant's actual notice of the sale did not excuse the bank's failure to comply with the formal notice requirements:

> [E]ven if we were to agree that evidence of actual notice may, in some cases, excuse compliance with the formal notice requirements contained in the Rules of Civil Procedure, the circumstances of this case are inadequate to excuse the requirement of notice of a continued sheriff's sale as required by Pa.R.C.P. 3129.3. Here, appellant, at best, learned of the sheriff's sale at the proverbial eleventh hour, so that, as it argues, its ability to protect its interest may well have been impaired.
>
> We conclude, therefore, that the trial court erred as a matter of law when it held that the failure to adhere to the notice requirements of Pa.R.C.P. 3129.3 did not render the sheriff's sale defective merely because an officer of the corporate terre tenant appeared and was present at the sale, having learned of it fortuitously on the day preceding the sale.

*Id.* at 1367.

The facts of the present case are distinguishable from those of *Campstead*. Notably, the appellant in *Campstead* was never notified of the rescheduled sale date, and the appellant inadvertently became aware of the new date of the sale only one day before it occurred. The appellant had a viable argument that the complete lack of formal notice and last-minute actual notice impaired its ability to protect its interests.

- 9 -

By contrast, the instant case is not one in which no notice was given. Wells Fargo sent notice of the sheriff's sale to Appellant's attorney of record more than 30 days in advance of the date of the sale, in compliance with Rule 3129.2(c)(1)(ii), and Appellant does not deny that this service provided her with actual notice.

Appellant also cites a June 30, 2017 letter from Wells Fargo's counsel to the Montgomery County Sheriff's Office stating that Wells Fargo would serve Appellant by process server. Although we note with disapproval Wells Fargo's conduct in representing to the sheriff's office that it would serve Appellant in this manner and then failing to do so, Appellant still fails to demonstrate how she was prejudiced by Wells Fargo's Rule 3129.2(c)(1)(ii)-compliant service of notice.

To reiterate, Appellant does not claim that Wells Fargo's service of notice failed to actually inform her of the sale or that the timing of the notice hampered her ability to exercise her rights. Moreover, Appellant's loss of the property, in and of itself, does not establish prejudice. Appellant's allegations regarding Wells Fargo's improper service of previous filings in this case are irrelevant, as are Appellant's arguments relating to the entry of summary judgment, which this Court affirmed in a prior appeal. ***Wells Fargo Bank, N.A. v. Ferreri***, No. 403 EDA 2015, unpublished memorandum at 1-2 (Pa.Super. filed Nov. 15, 2016). Prejudice in this context requires some detriment to Appellant's opportunity to raise objections to the sale of the

property.   Absent a showing that the allegedly insufficient notice impaired Appellant's ability to protect her interests in the property at this post-judgment stage of the litigation, Appellant failed to satisfy her burden of establishing prejudice.  **See Buchanan**, **supra**.

Based on the foregoing, we conclude the trial court did not abuse its discretion when it denied Appellant's petition to set aside the sheriff's sale. Accordingly, we affirm.

Order affirmed.


*Judgment Entered.*

_Joseph D. Seletyn, Esq._
*Prothonotary*


Date: _11/26/2018_