J-S60040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT | : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| MECHELLE A. RIVARD | | No. 592 MDA 2019 |
| Appellant | | |

Appeal from the Order Entered March 4, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-13-08069

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:  **FILED NOVEMBER 26, 2019**

Mechelle A. Rivard (Rivard) appeals *pro se* from the February 28, 2019 order of the Court of Common Pleas of Lancaster County (trial court) denying her petition to set aside a sheriff's sale.  We affirm.

**I.**

In August 2013, Chase Bank filed a foreclosure action against Rivard and her husband, Robert Rivard, for defaulting on their monthly mortgage payments for a property located in Lititz, Lancaster County.  After the Rivards answered, Chase Bank filed a motion for summary judgment that was denied in June 2014.  In the following months, counsel for the parties filed several

_____

[*] Retired Senior Judge assigned to the Superior Court.

joint stipulations to stay discovery pending discussions to resolve the matter. While discovery was stayed, Robert Rivard passed away in April 2015. Apparently unaware of his client's death, the Rivards' counsel filed a motion to withdraw averring that he was no longer in contact with his clients. The trial court granted withdrawal and scheduled a status conference for May 2016.

When Rivard did not appear for the status conference, the trial court ordered there was to be no further discovery and that Chase Bank could renew its summary judgment motion, which it did in July 2016. Rivard filed no response and on November 2, 2016, the trial court granted summary judgment and ordered *in rem* judgment in favor of Chase Bank. On April 10, 2017, Chase Bank filed a praecipe for entry of judgment and assessment of damages which the trial court entered that same day for $1,061,267.24, consisting of the unpaid principal ($980,288.30) with interest ($80,978.94). A sheriff's sale was initially set for September 2017 but was continued after Rivard, apparently now aware of the foreclosure, hired new counsel. On the day of the rescheduled sheriff's sale, Rivard filed a bankruptcy petition resulting in the sale being stayed. During the stay, Chase Bank filed a substitution of successor under Pa.R.C.P. 2352, naming U.S. Bank as the successor plaintiff in accordance with an assignment of mortgage executed in August 2017. Rivard's bankruptcy petition, meanwhile, was dismissed in February 2018.

On April 20, 2018, U.S. Bank filed a writ of execution and the sheriff's sale was scheduled for September 26, 2018. Two months later, on June 18, 2018, U.S. Bank filed an affidavit of service under Pa.R.C.P.3129.1 stating that notice of the sale was mailed to Rivard's counsel on May 30, 2018. U.S. Bank attached to its affidavit a certified mail log showing that notice was served via regular first-class mail on that date. The affidavit, however, listed only Rivard's counsel as being given notice; none of the other required persons under Pa.R.C.P. 3129.1 to be notified were listed.

On August 9, 2018, U.S. Bank filed a second affidavit that conformed to the format outlined in Pa.R.C.P. 3129.1(c). In the affidavit, U.S. Bank certified that notice had been served on all required persons, and included both the notice that it had sent along with a certified mail log showing all the recipients. U.S. Bank, however, mistakenly listed Rivard's former counsel as the attorney of record for Rivard instead of her then-current counsel.

A few weeks before the sale, on September 4, 2018, Rivard filed a *pro se* petition to stay the sheriff's sale that averred, among other things, she never received notice of the sale via either mail or her attorney.[1] She further noted that the second affidavit listed the wrong counsel. Because U.S. Bank

---

[1] Rivard also claimed that she had been unable to reach her attorney. She apparently reestablished communication soon thereafter because on September 21, 2018, Rivard's counsel filed a motion to withdraw consented to by Rivard. The trial court granted the withdrawal a few days later and Rivard has represented herself in his matter since that time.

had yet to make proper service, she argued, the September 26, 2018 sale should be stayed under Pa.R.C.P. 3129.2(c) (sale must be stayed if service on any required person is not made at least 30 days before the sale). U.S. Bank responded that its May 30, 2018 mailing of notice to Rivard's attorney satisfied Pa.R.C.P. 3129.2(c)(1)(ii), which states "[s]ervice shall be made … upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440[.]" On September 13, 2018, the trial court denied Rivard's petition[2] and the sheriff's sale proceeded as scheduled on September 26, 2018, with the property being sold to U.S. Bank.

On October 4, 2018, Rivard filed a petition to set aside the sheriff's sale under Pa.R.C.P. 3132. Among other reasons, Rivard again argued U.S. Bank failed to provide proper notice. U.S. Bank answered the next day and Rivard quickly filed a reply brief but did not file a praecipe for assignment. As a result, Rivard's petition was inactive until U.S Bank filed a praecipe for assignment to a judge in January 2018. Finally, on February 28, 2019, the trial court denied Rivard's petition without hearing, after which she filed this appeal to challenge the trial court's denial.[3]

_____

[2] That same day, the trial court also denied a *pro se* motion to vacate judgment and dismiss the case that Rivard had filed only two days earlier. In her motion, Rivard raised several collateral attacks on the foreclosure action, some of which she reasserts in this appeal. We address these claims in section II.B.

[3] While the trial court's order is dated February 28, 2018, it was not entered in the Prothonotary's Office until March 4, 2019. Rivard's notice of appeal,

**II.**

In her appeal, Rivard raises four issues for our review. However, as U.S. Bank points out, only her issue disputing the notice to the sheriff's sale would be a proper challenge to the denial of a petition to set aside a sheriff's sale. Accordingly, we address that issue first and then consider Rivard's remaining issues together.

**A.**

Rivard's first issue challenges the denial of her petition on the grounds that U.S. Bank failed to give adequate notice of the September 26, 2018 sheriff's sale. In reviewing such a challenge, we are mindful of the following:

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

***GMAC Mortg. Corp. of PA v. Buchanan***, 929 A.2d 1164, 1167 (Pa. Super. 2007) (internal citations omitted).

---

which she filed on April 2, 2019, was, therefore, within the 30-day period for filing a timely appeal.

"No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served." Pa.R.C.P. 3129.1(a). Pennsylvania Rule of Civil Procedure 3129.2 requires written notice of the sale of real property "to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1." Pa.R.C.P. 3129.2(a) states service shall be made "upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440[.]" Pa.R.C.P. 3129.2(c)(1)(ii). Rule 440, meanwhile, allows services "by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or proper pleading of the party, or at such other address as a party may agree." Pa.R.C.P. 440(a)(1)(i).

This Court has explained:

> The notice requirements of Pa.R.C.P. 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property. Because notice is the most basic requirement of due process, [it] must be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.

*Wells Fargo Bank, N.A. v. Ferreri*, 199 A.3d 892, 896-97 (Pa. Super. 2018) (quoting *First Eastern Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364, 1366 (Pa. Super. 1994)).

- 6 -

In ***Ferreri***, this Court addressed the denial of a petition to set aside a sheriff's sale in which the defendant argued that notice on her attorney of record was insufficient and that Pa.R.C.P. 3129.2 required notice to be served on her in her capacity as the property holder. This Court rejected that argument and held that the plaintiff provided proper notice and complied with Rule 3129.2(c)(1)(ii) by sending notice of the sale to defendant's counsel of record. ***See Ferreri***, 199 A.3d at 897. In this case, U.S. Bank complied with Rule 3129.2(c)(1)(ii) by sending notice of the scheduled sale to Rivard's counsel of record via first-class mail on May 30, 2018, nearly four months before the scheduled sale.[4] Rivard assails this notice as ineffectual because it was not attached to the subsequent June 18, 2018 affidavit, but Rule 3129.1 contains no requirement that the notice be attached to the affidavit.[5]

This Court further found in ***Ferreri*** that even if Rule 3129.2 required that the defendant be personally served with notice, she failed to demonstrate that she suffered any prejudice by failing to claim that she lacked actual notice of the sheriff's sale. ***Ferreri***, ***supra***. Similarly, here, Rivard did not allege in

---

[4] U.S. Bank's August 9, 2018 affidavit also reflects that it mailed notice to Rivard at the address of the subject property.

[5] U.S. Bank's June 18, 2018 affidavit did not satisfy its requirements under Rule 3129.1, as it contained none of the information required under subsection (b) and was not in the format proscribed by subsection (c). ***See*** Pa.R.C.P. 3129.1(b)-(c). U.S. Bank did not fully comply with Rule 3129.1 until it filed its August 9, 2018 affidavit certifying that all of the required persons had been mailed notice.

her petition that she was not aware of the September 26, 2018 sheriff's sale, nor does she make such a claim in her two-paragraph argument for this issue in her brief. Indeed, Rivard was aware of the sheriff's sale several weeks before it was scheduled to occur and had the ability raise objections to it, which she did. She has, thus, failed to show that any defects in U.S. Bank's notice, whatever they may have been, prejudiced her. **See M & T Mortg. Corp. v. Keesler**, 826 A.2d 877, 879-80 (Pa. Super. 2003) (finding notice was sufficient when mortgagee sent it to defendant's attorney and the defendant became aware of the sheriff's sale and he had opportunity to attend and participate in sale). Accordingly, her challenge to the sheriff's sale based on notice fails.

**B.**

Next, we address Rivard's remaining three issues together since, as mentioned above, none of them implicate proper grounds for setting aside the sheriff's sale. First, Rivard argues that the trial court untimely denied her petition four months after it was filed. She argues that her petition should have been assigned to a judge in October 2018 after she filed her reply brief instead of January 2018 when U.S. Bank filed a praecipe for assignment. However, in so arguing, Rivard does not cite any statute, rule or case law to support the proposition that a trial court's denial of a petition to set aside a

sheriff's sale must be vacated if it was not timely decided.[6]  As a result, she is not entitled to relief on this issue.

Both of Rivard's remaining issues are in actuality challenges to the underlying mortgage foreclosure action.  Specifically, she claims that (1) counsel for the parties lied about being engaged in negotiations to resolve the matter after the denial of summary judgment, and (2) U.S. Bank lacked standing to conduct the sheriff's sale.[7]

Rule of Civil Procedure 3132 provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.  The relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale.  "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the

---

[6] Moreover, Rivard fails to explain how the four-month delay in her petition being decided prejudiced her or what relief would be appropriate.  In her brief, Rivard states that the deed to the property was transferred during the pending petition and that ejectment proceedings were instituted before they should have been.  However, as U.S. Bank observes, these errors would be relevant to the ejectment action rather than the sheriff's sale.

[7] In her brief, Rivard does not present any argument concerning U.S. Bank's standing.  Instead, under this issue, Rivard alleges that her signature was forged on certain documents involved in the case, although she does not identify what documents these were.  As a result, to the extent Rivard is attempting to challenge U.S. Bank's standing in connection with the sheriff's sale, it is waived. **See Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018) (finding issue waived under Pa.R.A.P. 2119 for failure to develop argument).

notice of the sale exists, or where misconduct occurs in the bidding process."
***Irwin Union Nat'l Bank and Trust Co. v. Famous***, 4 A.3d 1099, 1102 (Pa. Super. 2010) (citation omitted).

Neither of Rivard's asserted issues would constitute proper grounds for setting aside the sheriff's sale. As she admits in her brief, Rivard was not involved in the foreclosure action until after the trial court granted summary judgment. Rivard is now attempting in these issues to use the sheriff's sale as a vehicle to challenge the underlying foreclosure action. However, as noted, the proper grounds for a petition to set aside a sheriff's sale are confined to the sheriff's sale. Accordingly, Rivard's remaining issues must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019