J-A13001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENN BUSINESS CREDIT, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PONTIAC PROPERTIES, LLC AND 931 | : | |
| N. 19TH STREET, LLC | : | |
| | : | No. 1479 EDA 2020 |
| | : | |
| APPEAL OF: PONTIAC PROPERTIES, | : | |
| LLC | : | |

Appeal from the Order Entered May 27, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 110601076

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed: August 26, 2021

Pontiac Properties, LLC ("Pontiac") appeals from two orders dated May 21, 2020, and entered on May 27, 2020, denying its petitions to set aside sheriff's sales of its real property. After careful review, we affirm.[1]

The trial court provided the following summary of the relevant facts and procedural history in its Pa.R.A.P. 1925(a) opinion:

Pontiac is a limited liability company located in Philadelphia, Pennsylvania, with its principal place of business located at 3 N.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We address the propriety of Pontiac's filing only one notice of appeal from two orders *infra.*

2nd Street, Suite 200, Philadelphia, Pennsylvania 19106. Penn Business Credit, LLC ("PBC"), is a limited liability company that operates as a commercial lending institution, with its principal place of business located at 1 Belmont Avenue, Suite 602, Bala Cynwyd, Pennsylvania 19004. SMS Financial XXIX, LLC[] ("SMS[]") is the judgment assignee of PBC, and the [a]ppellee in the instant action, with a principal place of business located at 6829 N. 12th Street, Phoenix, Arizona 85041. Pontiac is the mortgagor and real owner of two (2) properties located at: (1) 5420 Warrington Avenue, Philadelphia, Pennsylvania 19142 [("the Warrington Avenue Property")]; and (2) 1331 W. Ruscomb Street, Philadelphia, [Pennsylvania] 19141 [("the W. Ruscomb Street Property)] ([collectively] "Properties").

On July 14, 2011, PBC commenced two (2) separate actions against Pontiac, seeking to foreclose the mortgages on the Properties.[2] On September 1, 2011, after personal service was effectuated upon the president of Pontiac, [Leonard Boney,] default judgment was entered against Pontiac in both actions. The Properties were scheduled for sheriff's sale on June 4, 2013[;] however[,] PBC had difficulty serving Pontiac with the notice of sheriff's sale. On May 16, 2013, the Honorable … Ellen Ceisler[] granted PBC's motion for alternative service as to both Properties. Per Judge Ceisler's May 16, 2013[ o]rder[,] the notice of the respective sales were served on [Pontiac c/o Leonard Boney at] 4924 N. 13th Street, Philadelphia, Pennsylvania 19141, by regular and certified mail, and were posted at both Properties.

On August 9, 2013, PBC assigned both judgments to SMS. In December of 2018, SMS filed two (2) separate praecipes for writ of revival of the judgment liens…. Judgment on the writ[s] of revival was entered in April of 2019 and SMS filed for writs of execution to sell the Properties. As per Judge Ceisler's May 16, 2013[] alternative service orders, notice of the pending sheriff's sales were served on [Pontiac c/o Leonard Boney at] 4924 N. 13th Street, Philadelphia, Pennsylvania 19141, by regular and certified

---

[2] Contrary to the trial court's assertion, our review of the record reveals that PBC commenced foreclosure on the mortgages pertaining to the subject Properties with the filing of a single complaint in the Court of Common Pleas of Philadelphia County at docket no. 110601076. *See* Complaint, 6/14/11, at 1-5.

- 2 -

mail, were posted at both … Properties, and were served on Pontiac's attorney.

[A s]heriff's sale was scheduled by the trial court for August 6, 2019. On August 5, 2019, Pontiac filed an emergency petition to stay the sheriff's sale ("[] Emergency Stay Petition"). On August 5, 2019, this court granted Pontiac's Emergency Stay Petition and continued the sale to November 5, 2019. On November 5, 2019, the morning of the postponed sheriff['s] sale, Pontiac filed a Chapter 11 bankruptcy proceeding in the Eastern District of Pennsylvania, docketed at case number 19-16951. Pontiac's bankruptcy stayed the November 5, 2019[] sheriff's sale. On December 10, 2019, due to the pending bankruptcy proceeding, this court postponed the sheriff's sale to February 4, 2020.

On December 11, 2019, the bankruptcy petition was dismissed[,] and on February 4, 2020, both Properties were sold to RTE Properties LLC ("RTE"). On February 14, 2020, Pontiac filed two (2) separate motions to set aside the February 4, 2020[] sheriff's sales ("[] Motions to Set Aside").[3] On March 3, 2020, this court scheduled both motions for a rule hearing on March 19, 2020. Due to the global [COVID-19] pandemic[,] the First Judicial District of Pennsylvania was forced to close for two (2) months and the hearing never occurred. On May 27, 2020, this court denied both of [Pontiac's] Motions to Set Aside.

On June 22, 2020, Pontiac filed a notice of appeal of this court's May 21, 2020[] orders to the Superior Court of Pennsylvania ("Superior Court"), which appeal [is] docketed at 1479 EDA 2020. On June 29, 2020, this court issued a [Pa.R.A.P.] 1925(b) order[,] seeking Pontiac's statement of matters complained of within twenty-one (21) days. On July 17, 2020, Pontiac timely filed the required [Rule] 1925(b) statement.

Trial Court Opinion ("TCO"), 11/9/20, at 1-3 (unnecessary capitalization and citations to record omitted).

---

[3] The Philadelphia County Prothonotary assigned Pontiac's Motions to Set Aside the sheriff's sales of the W. Ruscomb Street Property and the Warrington Avenue Property, control numbers 20022252 and 20022254, respectively, at docket no. 110601076. *See* Motion to Set Aside (Control No. 20022252), 2/17/20, at 1; Motion to Set Aside (Control No. 20022254), 2/18/20, at 1.

- 3 -

Herein, Pontiac raises the following issues for our review:

1. Whether the lower court erred as a matter of law in denying the motion to set aside the sheriff's sale [of the Warrington Avenue Property] … without affording [Pontiac] a hearing and the opportunity to be heard?

2. Whether the lower court erred as a matter of law in denying the motion to set aside the sheriff's sale [of the W. Ruscomb Street Property] … without affording [Pontiac] a hearing and the opportunity to be heard?

Pontiac's Brief at 4 (unnecessary capitalization omitted).

Before delving into the merits of Pontiac's issues, we must first consider the propriety of its filing one notice of appeal from two final orders. As mentioned in the summary of the case provided by the trial court *supra*, the trial court filed two separate orders on May 27, 2020. The first order denied Pontiac's motion to set aside the sheriff's sale of the Warrington Avenue Property, and the second order denied the motion to set aside the sheriff's sale regarding the W. Ruscomb Street Property. On June 22, 2020, Pontiac filed a single notice of appeal, purporting to appeal from both orders.[4] Though

_____

[4] We are cognizant of the decision in ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018), in which our Supreme Court held that the Official Note to Pa.R.A.P. 341 provides a bright-line rule requiring separate notices of appeal to be filed where one or more orders resolves issues arising on *more than one docket*, and that the failure to follow this mandatory instruction requires quashal of the appeal. ***Id.*** at 976-77 (emphasis added). The ***Walker*** holding is not applicable in the instant matter, however, as both orders being appealed arise from a single complaint commenced at docket no. 110601076. The prothonotary merely assigned separate control numbers to Pontiac's Motions to Set Aside to differentiate between Pontiac's attempt to set aside the sale of the two separate Properties and any subsequent corresponding filings on the same docket.

we discourage the practice of filing one notice of appeal from two final orders, we decline to quash its appeal on this basis. **See Interest of S.U.**, 204 A.3d 949, 952 n.2 (Pa. Super. 2019) (*en banc*) (citing **Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.**, 263 A.2d 448, 452-53 (Pa. 1970) (holding "that a single appeal is incapable of bringing on for review more than one final order, judgment or decree" except when circumstances permit appropriate appellate review); **Dong Yuan Chen v. Saidi**, 100 A.3d 587, 589 n.1 (Pa. Super. 2014)). As in **Gen. Elec. Credit Corp.**, (1) the issues raised as to both final orders are the same; (2) the appellee did not object to Pontiac's bringing but one appeal; and (3) if Pontiac's appeal were quashed, the period allowed for appeal will have already expired, precluding the institution of proper appeals. **See Gen. Elec. Credit Corp.**, 263 A.2d at 453. We also note that the trial court addressed the issues relating to each order. **See Dong Yuan Chen**, 100 A.3d at 589 n.1. Accordingly, we will review Pontiac's appeal.

As we address the issues raised by Pontiac, we remain mindful of the following controlling principles:

> "The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and the costs which are due, or have accrued to, the judgment creditor." **Kaib v. Smith**, … 684 A.2d 630, 632 ([Pa. Super.] 1996). A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. **Id.** … at 631. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. **Id.** When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed

on appeal unless there is a clear abuse of that discretion. ***Blue Ball National Bank v. Balmer***, 810 A.2d 164, 167 (Pa. Super. 2002).

An abuse of discretion is not merely an error of judgment. ***Paden v. Baker Concrete Construction, Inc.***, … 658 A.2d 341, 343 ([Pa.] 1995). Furthermore, it is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the trial court. ***Id.***

> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

***Harman v. Borah***, … 756 A.2d 1116, 1123 ([Pa.] 2000) (citations omitted).

***GMAC Mortg. Corp. of PA v. Buchanan***, 929 A.2d 1164, 1167 (Pa. Super. 2007).

We are further guided by the following:

"No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served." Pa.R.C.P. 3129(a). Pennsylvania Rule of Civil Procedure 3129.2 requires written notice of the sale of real property "to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1." Pa.R.C.P. 3129.2(a). Rule 3129.2 states as follows regarding service of the notice:

**Rule 3129.2. Notice of Sale. Handbills. Written Notice. Publication**

\*\*\*

(c) The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129. 1.

- 6 -

(1) Service of the notice shall be made

(i) upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.

(A) by the sheriff or by a competent adult in the manner prescribed by Rule 402(a) for the service of original process upon a defendant, or

…

(B) by the plaintiff mailing a copy in the manner prescribed by Rule 403 to the addresses set forth in the affidavit; or

(C) if service cannot be made as provided in subparagraph (A) or (B), the notice shall be served pursuant to special order of court as prescribed by Rule 430, except that if original process was served pursuant to a special order of court under Rule 430 upon the defendant in the judgment, the notice may be served upon that defendant in the manner provided by the order for service of original process without further application to the court; and

(ii) upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440, and

(iii) upon each other person named in the affidavit by the plaintiff by ordinary mail at the address set forth in the affidavit with the return address of the plaintiff appearing thereon. The plaintiff shall obtain from the U.S. Postal Service a Form 3817 Certificate of Mailing. Service shall be complete upon mailing. If the mail is returned the validity of the service shall not be impaired and the sale shall proceed at the time fixed in the notice.

Pa.R.C.P. 3129.2(c). Rule 440, in turn, permits service "by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree." Pa.R.C.P. 440(a)(1)(i).

The notice requirements of Pa.R.C.P. 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property. Because notice is the most basic requirement of due process, [it] must be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.

**First Eastern Bank, N.A. v. Campstead, Inc.**, …. 637 A.2d 1364, 1366 ([Pa. Super.] 1994) (internal citations and quotation marks omitted).

Additionally, "[t]he rules shall be liberally construed to secure the just, speedy[,] and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

**Wells Fargo Bank, N.A. v. Ferreri**, 199 A.3d 892, 896-97 (Pa. Super. 2018).

Here, Pontiac argues that the trial court erred in denying its Motions to Set Aside without first conducting an evidentiary hearing. Pontiac's Brief at 11. Pontiac avers that it was denied the opportunity to present competent evidence that it was not properly served with the notices of sheriff's sale. **Id.** at 11-12. Pontiac is not entitled to any relief on its claims.

A party may seek to set aside a sheriff's sale pursuant to Pennsylvania Rule of Civil Procedure 3132, which provides:

Upon petition of any party in interest before delivery of the … sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132. It is well-settled that the burden of proof in a petition to set aside a sheriff's sale is on the petitioner:

> As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

***Bank of Am., N.A. v. Estate of Hood***, 47 A.3d 1208, 1211 (Pa. Super. 2012) (internal citation omitted).

In the instant matter, Pontiac's Motions to Set Aside averred only that it "did not receive any service or other notice of the legal proceedings and sheriff's sale," which the trial court concluded clearly did not reach the evidentiary burden outlined in ***Estate of Hood***. ***See*** TCO at 5. Pontiac failed to attach to its motions any evidence supporting its contentions regarding the lack of service. Thus, we agree with the trial court that Pontiac failed to meet its burden of establishing equitable grounds for setting aside the sheriff's sales. Moreover, we note that Pontiac fails to explain in its appellate brief how SMS failed to effect service of the notices of sheriff's sale, nor does it set forth any evidence in support of its contentions.

Additionally, Pontiac's claims are directly contradicted by the record. As the trial court opined:

> On July 30, 2011, the docket reveals that the president of Pontiac, … Leonard Boney, was personally served with the original complaint. On September 1, 2011, a valid default judgment was entered against Pontiac as to both the Warrington [Avenue] and [W.] Ruscomb [Street P]roperties. On May 16, 2013, Judge

> Ceisler granted PBC's motion for alternative service as to both Properties.
>
> In all subsequent actions in this matter, PBC, and later its assignee[,] SMS, have directly complied with Judge Ceisler's alternative service order, serving notice on 4924 N. 13th Street, Philadelphia, Pennsylvania 19141, by regular and certified mail, and posting notice at both Properties. Moreover, on June 18, 2019, SMS served Pontiac's attorney of record, Richard J. Weirtzman, Esquire, with notice of the sheriff's sale via first class certified mail.

*Id.* (unnecessary capitalization and citations to record omitted). Consequently, the trial court concluded, "it is clear from the record[] that Pontiac had proper notice of the sheriff's sales," and, therefore, its denial of the motions to set aside the sales was proper. *Id.* We agree. *See* Pa.R.C.P. 3129.2(c); 440.

Based on the foregoing, we discern no abuse of discretion by the trial court in its denial of Pontiac's Motions to Set Aside. Accordingly, we affirm the trial court's May 27, 2020 orders.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/26/21</u>

- 10 -