J-A20010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA FERRERI A/K/A LISA A. FERRERI AND ANY AND ALL CURRENT OCCUPANTS | : | No. 2563 EDA 2023 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LISA FERRERI A/K/A LISA A. FERRERI | : | |

Appeal from the Order Entered August 31, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2019-18305

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 24, 2025**

Lisa Ferreri, a/k/a Lisa A. Ferreri, appeals from the order, entered in the Court of Common Pleas of Montgomery Country, granting summary judgment in favor of Fannie Mae, a/k/a Federal National Mortgage Corporation (Fannie Mae), and denying Ferreri's motion for summary judgment and motion to compel discovery in this ejectment action.  After reviewing the parties' briefs, the record, and the relevant case law, we conclude that the trial court properly granted summary judgment in favor of Fannie Mae and properly denied

Ferreri's motions.[1]  Thus, we affirm the trial court's order and remand to the trial court for the imposition of attorneys' fees and costs against Ferreri.  ***See*** Pa.R.A.P. 2744.

We adopt the history of the case and facts as set forth by the trial court.  ***See*** Trial Court Opinion, 1/11/24, at 1-4.  In summary, the present ejectment action initiated by Fannie Mae on July 19, 2019 arises from a prior mortgage foreclosure action (Foreclosure Case) decided against Ferreri.[2]  On February 3, 2023, Fannie Mae filed a motion for summary judgment in the instant case.  On May 25, 2023, Ferreri filed a cross-motion for summary judgment, arguing that Wells Fargo had lacked standing to sue in the Foreclosure Case and that the resulting judgment and sheriff's sale were fraudulent and, therefore, void.

---

[1] Our standard of review in cases of summary judgment is well-settled.  This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law.  ***Merriweather v. Philadelphia Newspapers, Inc.***, 684 A.2d 137, 140 (Pa. Super. 1996).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  ***See*** Pa.R.C.P. 1035.2.  In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. ***Merriweather v. Philadelphia Newspapers, Inc.***, 684 A.2d at 140.  Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. ***Id.***

[2] On January 15, 2015, the Honorable R. Stephen Barrett granted Wells Fargo's motion for summary judgment in the Foreclosure Case and entered judgment in the mortgage foreclosure against Ferreri.  Ferreri appealed this decision, and this Court affirmed the order granting summary judgment in favor of Wells Fargo. ***See Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016) (unpublished memorandum decision).

On August 31, 2023, the trial court granted Fannie Mae's motion for summary judgment and denied Ferreri's motion to compel discovery, filed on April 14, 2022, which sought additional discovery relating to the underlying mortgage loan. Ferreri filed a timely notice of appeal and, on October 12, 2023, filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 11, 2024, the trial court issued its Rule 1925(a) opinion.

Ferreri raises the following four issues for our review:

[1.] Did the trial court commit an error of law and abuse its discretion by failing to find that the trial court in the underlying foreclosure action lacked subject matter jurisdiction rendering the foreclosure judgment void?

[2.] Did the trial court commit an error or law and abuse its discretion when it failed to hold the foreclosure judgment was procured through fraud and is therefore void?

[3.] Did the trial court commit an error of law and abuse its discretion when it held that Ferreri is collaterally estopped from asserting her claims?

[4.] Did the trial court commit an error of law and abuse its discretion by not allowing Ferreri to complete discovery related to Fannie Mae's motion for summary judgment?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

When an ejectment action is brought by the purchaser of a title obtained as a result of a sheriff's sale in a mortgage foreclosure, the grounds on which

the underlying judgment of foreclosure can be collaterally attacked are strictly limited.

> Initially, we note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment cannot be reached collaterally. However, in an ejectment action[,] it may be alleged that the judgment is void. A void decree can be attacked at any time. Where a judgment is void, the sheriff's sale [that] follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. A judgment [that] is void cannot support an ejectment action and may be asserted as a defense in the ejectment proceeding.

**Dime Savings Bank, FSB v. Greene**, 813 A.2d 893, 895 (Pa. Super. 2002) (citations omitted).

The basis of Ferreri's argument against the present ejectment action is that the foreclosure judgment against her was obtained by fraud because Wells Fargo lacked standing to sue in the Foreclosure Case. Therefore, Ferreri contends the judgment against her is void and the subsequent sheriff's sale is a nullity. This is the same argument of fraud that Ferreri made in the Foreclosure Case. Here, Ferreri reasserts this argument by claiming that new evidence of fraud has been uncovered after the conclusion of the Foreclosure Case. To support that argument, Ferreri presents evidence that Wells Fargo sold her loan to Fannie Mae two years before it filed the Foreclosure Case. **See** Appellant's Brief, at 37. That assertion was already made by Ferreri in the Foreclosure Case and both the trial court and this Court deemed that

insufficient to prevent foreclosure. ***See Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016), at 9 (unpublished memorandum decision). The only difference in Ferreri's current version of the claim is a change in the timeline in which the sale occurred, which adds nothing of substance. ***See*** Trial Court Opinion, 1/11/24, at 7. Second, Ferreri cites evidence that Wells Fargo did not have physical possession of the promissory note but rather the note was held by a "custodian" of Fannie Mae. ***See*** Appellant's Brief, at 38. Likewise, this evidence does not establish fraud; in fact, Wells Fargo specifically alleged in the Foreclosure Case that it "directly *or through an agent*, has possession of the Promissory Note." ***See*** Trial Court Opinion, 1/11/24, at 7 (emphasis in original). This "new" evidence does not substantially change the argument of fraud previously asserted in the Foreclosure Case.

Furthermore, Ferreri's claims regarding lack of standing and fraud were previously argued and rejected in the underlying Foreclosure Case by both the trial court and this Court.[3] Therefore, Ferreri is precluded from relitigating the issues under the doctrine of collateral estoppel or issue preclusion. As this Court has explained:

> The doctrine of collateral estoppel . . . operates to prevent a
> question of law or an issue of fact [that] has once been litigated

---

[3] In the Foreclosure Case, this Court found Ferreri's allegations against Wells Fargo's standing in the Foreclosure Case "baseless" and that her allegations of fraud by Wells Fargo were "lack[ing] merit." ***Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016) at 8, 10 (unpublished memorandum decision).

and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar[.] [A] plea of collateral estoppel is valid if[:] 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action.

***Day v. Volkswagenwerk Aktiengesellschaft***, 464 A.2d 1313, 1318-19 (Pa. Super. 1983) (citations omitted).

Here, Ferreri's argument that Wells Fargo lacked standing to sue for foreclosure is the exact argument she made in the Foreclosure Case. There was a final judgment in the Foreclosure Case that was affirmed on appeal. Ferreri was the Defendant in both cases. Ferreri had a full and fair opportunity to litigate the issue in the prior case. Additionally, this Court agrees with the trial court's rejection of Ferreri's assertion that the denial of her defense in the Foreclosure Case is not preclusive because it was obtained by fraud. ***See*** Trial Court Opinion, 1/11/24, at 6. Simply asserting the claim of fraud is not enough to avoid preclusion. Even considering the "new" evidence discussed above, Ferreri has failed to prove the foreclosure judgment was the product of fraud.

Lastly, Ferreri argues that the trial court incorrectly precluded her from completing discovery.

A trial court is not required to grant a party additional time for discovery before ruling on a summary judgment motion where the parties have already had a reasonable time for discovery and the

> party opposing summary judgment has not demonstrated that it was prevented from timely completing the necessary discovery.

***Barrell v. Streamlight, Inc.***, 222 A.3d 1137, 1142 n.2 (Pa. Super. 2019), citing ***Ft. Cherry Sch. Dist. v. Gedman***, 894 A.2d 135, 140 (Pa. Super. 2006).

As correctly opined by the trial court, Ferreri had more than three years to take discovery in this case, which does not even include the prior five years of proceedings in the Foreclosure Case. ***See*** Trial Court Opinion, 1/11/24, at 14. Clearly, Ferreri had ample time for discovery before the trial court issued its summary judgment decision.

After reviewing the parties' briefs, the record, and the relevant case law, we conclude that the well-reasoned opinion by the Honorable Jeffrey S. Saltz thoroughly and properly disposes all of Ferreri's issues on appeal, and we affirm on the basis of that opinion. The parties are directed to attach a copy of the opinion in the event of further proceedings.

As a separate and additional matter, this Court deems appropriate the imposition of attorneys' fees against Ferreri, pursuant to Rule 2744, on the grounds that this appeal is frivolous. Rule 2744 provides for the award of reasonable attorneys' fees when this Court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against

whom costs are to be imposed is dilatory, obdurate[,] or vexatious."[4]

Pa.R.A.P. 2744.

> [M]ultiple appeals, taken for the purpose of delay, which focus on issues that have already been resolved, or which present arguments running counter to well[-]settled rules of law will be deemed "frivolous" by this [C]ourt. Such appeals are the proper subject for sanctions under Rule 2744. . . [A]n appeal is considered "frivolous" and warrants the award of attorney fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success. *Richland School District v. Richland Education Association*, [] 556 A.2d 531[, 553] ([Pa. Cmwlth.] 1989)."

*Murphy v. Murphy*, 599 A.2d 647, 654 (Pa. Super. 1991) (citations omitted).

The underlying Foreclosure Case began in January 2009, when Ferreri defaulted on her mortgage of slightly less than three years. **See** Fannie Mae Summary Judgment Motion, 2/3/23, at 3-4, 37. Since then, including the present appeal, Ferreri has appealed to this Court three times on the issue of the mortgage foreclosure. **See Wells Fargo Bank, N.A. v. Ferreri**, 199 A.3d 892 (Pa. Super. 2018); **id.**, No. 403 EDA 2015, (Pa. Super. filed Nov. 15, 2016) (unpublished memorandum decision). This Court understands that this ejectment action was delayed by the COVID-19 pandemic and not due to the fault of either party. However, between the present ejectment case and the underlying Foreclosure Case, Ferreri has been litigating not only the same issue for more than 15 years, but the same rejected arguments of fraud as

---

[4] Appellate courts can impose fees *sua sponte* under Rule 2744. **See Wallace v. State Farm Mutual Automobile Insurance Company**, 199 A.3d 1249, 1257 (Pa. Super. 2018).

well. Ferreri argues that "she is entitled to pursue any and all claims she has against the financial institutions who came before the courts with unclean hands." *See* Appellant's Brief, at 9. While she has pursued "any and all claims," Ferreri has brought no new material evidence to this appeal and, instead, has continued to cite the same argument of fraud to attack the underlying foreclosure judgment.

In the Foreclosure Case, Ferreri "filed her response admitting that she had executed the note and mortgage. . . [and] that she was in default." ***Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016) at 2 (unpublished memorandum decision). For each delay resulting from the mortgage foreclosure, the sheriff's sale, and now the ejectment action, Ferreri has continued to live on the premises essentially for free. Those delays are the direct result of the multiple appeals brought by Ferreri to relitigate the same issue with nothing of substance added to the record facts. Based on the foregoing, we find this appeal is frivolous.

Accordingly, we affirm the trial court's order granting summary judgment and remand this matter back to the trial court, pursuant to Rule 2744, for the purpose of determining the appropriate amount of attorneys' fees and costs to be awarded to Fannie Mae.

Order affirmed. Case remanded for the imposition of attorneys' fees and costs. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/24/2025</u>