M. C. Shanahan v. The Agricultural Insurance Company, Appellant. M. C. Shanahan v. The London & Lancashire Fire Insurance Company, Appellant.

*Insurance—Clerical error in description—Question for jury.*

Where by a clerical error of the agent of an insurance company the description of the property insured designated one stable instead of two, and where it was the intention of the insured and insurer to cover two stables instead of one, such clerical error will not enable the defendant company to avoid the policy to the injury of the insured. The question as

to how the error arose was one purely of fact and was properly for the jury, the evidence being ample to warrant a verdict for the plaintiff.

*Insurance—Error in policy—Act of agent—Laches.*

An erroneous description having been inserted in a policy by the act of the agent of the insurance company, the defendant cannot be released from its contract because the plaintiff, acting in good faith, accepted without examination the policy written by its agent.

*Practice, Superior Court—Review—Refusal of new trial.*

The appellate court will not, except in clear cases of abuse of discretion, review the discretion of the trial court in refusing a new trial.

*Practice, Superior Court—Appeals—Defective assignment.*

Assignments are defective under Rule XVII., which allege error in admitting or refusing evidence but which fail to quote the full substance of the bill of exceptions or to copy the bill in immediate connection with the assignment.

Submitted Oct. 7, 1897.    Appeals, Nos. 61 and 62, Oct. T., 1897, by defendants from judgments of C. P. No. 1, Phila. Co., June T., 1896, Nos. 234 and 235, on verdicts for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Assumpsit on policy of insurance.

It appears from the record that these suits were brought to recover from the defendant companies the sum of $750 each, claimed to be the value of certain stable buildings which were destroyed by fire owned by the plaintiff and, as contended by him, covered by certain policies of insurance issued to him by the defendant insurance companies.

The defendant denied the liability because the buildings destroyed were not the one described in the policy.

Verdict and judgment for plaintiff in each case in the sum of $792.15.    Defendants appealed.

*Errors assigned* were, (1) In admitting the testimony of M. C. Shanahan and Joseph O'Kane, concerning the alleged mistake of the latter in preparing the form of insurance attached to the policy upon which suit is brought in this case, and to which exceptions were taken at the time of the trial by the defendant. (2) In refusing to allow the defendant to prove, by Milton A. Nobles, that as district agent of the Agricultural Insurance Company, the said company would not have issued

a policy in the form such as the one offered in evidence here had the word therein been "buildings" instead of "building:" and that also, as a general insurance expert, that no insurance company in the United States would issue such a policy, nor, in his experience, has he ever known such a policy being issued by any insurance company. (3) In making answer to the second point submitted by the defendants. Said point and answer are as follows: "In undertaking to determine the loss which the plaintiff in this case has sustained, the jury must take into consideration the fact that the conditions existing at the time of the fire had most materially depreciated the selling value or renting value of this stable building, and the amount, if anything, which the plaintiff, under these circumstances, would be entitled to recover, must be found by deducting the market value of the land itself from the actual market value of the building and land at the time of the fire." "As to that point, gentlemen, I want to say that the effect of the testimony is not for me to say; it is for you to consider. Considering the circumstances which were alluded to in that point, what do you believe was the money value of the building under all the circumstances of the situation and surroundings at the time of the fire? And in that connection, I call your attention to the testimony of the witnesses as to the value. The last witness said he put the value at over $1,600, and my memory of it is that he said that that building was worth that at the time of the fire, and there is no contradiction of whatever he did say on the subject. Whenever there is a difference of opinion as to what the witness says and what a judge gives you, take your own memory and not mine." (4) In refusing to affirm the third point submitted by the defendants, which was as follows: "The policies of insurance of the defendant companies in this case did not cover the stable building which was destroyed by the fire, and your verdict, therefore, must be for the defendants." (5) In refusing to affirm the fourth point submitted by the defendants, which was as follows: "Under all the circumstances, the verdict in these cases must be for the defendants." (6) In refusing to grant a new trial to the defendants, upon the ground of after-discovered testimony submitted to them. (7) In entering judgments upon the verdicts rendered in these cases.

*F. R. Shattuck*, for appellants.—The point here made, is, that in the present cases, the effort is to make a policy of insurance cover a building not described or referred to in any way in the policies, so that no notice or knowledge concerning the character thereof is brought home to the companies ; and this is going further and beyond any decision heretofore rendered.  To allow this to be done would be a practice of the most dangerous kind and character.

In the case of a building which cannot be said to have a market value, the amount which the insured is entitled to recover, in case of a loss, is not what it would cost to rebuild, but what is shown to have been the money value of the building under all of the circumstances of its situation and surroundings, at the time of the fire : Insurance Co. v. Creaton, 98 Pa. 451 ; Brinley v. Insurance Co., 11 Metc. (Mass.) 195 ; Ætna Insurance Co. v. Johnson, 11 Bush (Ky.), 586.

The after-discovered testimony submitted to the court certainly required that the defendants should have been given the benefit of a new trial.

Even where the credibility of the witness to testimony discovered after the trial is strongly attacked, nevertheless a new trial should be allowed, as the credibility of the witness is entirely for the jury : Green v. Traction Co., 5 Dist. Reps. 284.

*Jacob Singer* and *Emanuel Furth*, for appellee.—As to the construction of the policy of insurance, cited Machine Co. v. Ins. Co., 173 Pa. 53 ; Dowling v. Ins. Co., 168 Pa. 234 ; Davidson v. Assurance Co., 176 Pa. 525.

OPINION BY ORLADY, J., November 19, 1897 :

These two cases were tried together, and one appeal is taken by consent.  The plaintiff brought suit on a policy of insurance against each of these defendants to recover from each the sum of $750.  The policies issued were of the standard form and described the property as follows : " $1,500 on the frame stable building and additions thereto, on the north side of Jersey avenue near Charles street, Gloucester City, N. J., other insurance permitted without notice until required."  The plaintiff was the owner of two stables, of equal value, which were used for a common purpose and which were separated from each other by a distance of ten or twelve feet.

An application was made by the plaintiff to the local agent of the defendant companies for an insurance of $3,000 on the two stable buildings. The local agent examined the properties, approved the risk and issued a policy of insurance for $1,500 in each of the defendant companies, and in both the property was described as before quoted. One of the stables was totally destroyed by fire, and when suit was brought to recover for the loss, each company made the same defense: " That said stable building so insured is still standing at said location, and has not been in any way or manner injured or damaged by any fire whatever; that the fire referred to in said plaintiff's statement was in another building altogether than the one insured under said policy, which other building was in no way or manner connected with the building insured, and was not an addition thereto, but an entire, separate and distinct building, not situated on the north side of New Jersey Avenue near Charles street, Gloucester City, N. J., but was situated in the rear of the building insured under said policy at a considerable distance therefrom."

The plaintiff contended that the policies were intended to cover the two stables and in this he was supported on the trial by the direct testimony of the local agent of the defendant companies, and this fact was found by the jury in favor of the plaintiff. The description of the property was made on typewritten slips, in the office of the local agent, and these slips were signed by him in the name of his firm, and then affixed to the printed policy in a blank space provided for that use. The verdict determines as a fact that in the typewritten description the word "building" instead of "buildings" was erroneously used, and the whole controversy arises from this alleged error.

The first and second assignments of error are not considered for the reason that they are framed in disregard of Rule 17 of this court: Denniston v. Phila. Co., 1 Pa. Superior Ct. 599 ; Com. v. Smith, 2 Pa. Superior Ct. 474, and counsel violate this rule at their peril in this as the similar rule in the Supreme Court: Raymond v. Schoonover, 181 Pa. 352. The case was fairly presented to the jury by the learned trial judge: " If you believe that these policies were made out in the shape that they are, by accident and oversight, that it was the intention of the person that applied, and the companies who issued these policies, to cover the two stables instead of one—then the verdict ought to be for the plaintiff."

It was purely a question of fact, and there was ample evidence to warrant the verdict. In Eilenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 464, it was held that the fraud or mistake of a knavish or blundering agent, done within the scope of the powers given him by an insurance company, will not enable the latter to avoid a policy to the injury of the insured, who innocently became a party to the contract, and in Insurance Co. v. Cusick, 109 Pa. 157, in referring to the Eilenberger Case, it is said : " In the case cited the agent committed a fraud by setting down false answers in the application ; in the case in hand the agent committed a blunder by incorrectly describing the property insured. In neither was the act complained of in any proper sense the act of the insured ; in neither can the company be permitted to cast upon the insured the consequences of the crime or blunder of its own agent. The cases cannot be distinguished in principle." The case now before us is much milder in its facts than either of the two first cited, as the insured and agent of the companies agree, that both stables were intended by them to be covered by the insurance, and that by the clerical error of a typewriter a letter was dropped so as to make the description refer to a building instead of buildings.

There was no written application in this case ; the local agent was familiar with the premises and intended to have the two policies cover just what the insured desired—both stables. The erroneous description was the act of the agent alone, in the face of light and knowledge, and it was unknown to the insured until after the loss occurred. The defendant cannot be released from its contract because the plaintiff, acting in good faith, accepted without examination the policy written by its agent : Dowling v. Merchants Ins. Co., 168 Pa. 234.

After the verdict was rendered, the defendant submitted some ex parte affidavits as ground for a new trial, but the court below refused to be moved by them. Upon an examination of these affidavits, and applying them to the proof adduced on the trial we do not feel warranted in interfering with the decree entered ; as, except in clear cases of abuse of discretion, refusal of the court below to grant a new trial is not assignable for error, and there is nothing in this case to make it an exception to the rule : De Grote v. De Grote, 175 Pa. 50.

It does not necessarily follow that the perjury of a witness

1897.]

can be made a ground for equitable interference even though not discovered until after the trial: Ins. Co. v. Erb, 2 Chest. Co. 537; and whether or not this should be done, is largely a matter of discretion with the trial judge.

The assignments of error are each overruled and the judgment is affirmed.