J-A20010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA FERRERI A/K/A LISA A. FERRERI AND ANY AND ALL CURRENT OCCUPANTS | : | No. 2563 EDA 2023 |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LISA FERRERI A/K/A LISA A. FERRERI | : | |

Appeal from the Order Entered August 31, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2019-18305

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED APRIL 24, 2025**

Lisa Ferreri, a/k/a Lisa A. Ferreri, appeals from the order, entered in the Court of Common Pleas of Montgomery Country, granting summary judgment in favor of Fannie Mae, a/k/a Federal National Mortgage Corporation (Fannie Mae), and denying Ferreri's motion for summary judgment and motion to compel discovery in this ejectment action. After reviewing the parties' briefs, the record, and the relevant case law, we conclude that the trial court properly granted summary judgment in favor of Fannie Mae and properly denied

Ferreri's motions.[1]  Thus, we affirm the trial court's order and remand to the trial court for the imposition of attorneys' fees and costs against Ferreri.  *See* Pa.R.A.P. 2744.

We adopt the history of the case and facts as set forth by the trial court. *See* Trial Court Opinion, 1/11/24, at 1-4.  In summary, the present ejectment action initiated by Fannie Mae on July 19, 2019 arises from a prior mortgage foreclosure action (Foreclosure Case) decided against Ferreri.[2]  On February 3, 2023, Fannie Mae filed a motion for summary judgment in the instant case. On May 25, 2023, Ferreri filed a cross-motion for summary judgment, arguing that Wells Fargo had lacked standing to sue in the Foreclosure Case and that the resulting judgment and sheriff's sale were fraudulent and, therefore, void.

_____

[1] Our standard of review in cases of summary judgment is well-settled.  This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law.  *Merriweather v. Philadelphia Newspapers, Inc.*, 684 A.2d 137, 140 (Pa. Super. 1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Pa.R.C.P. 1035.2.  In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Merriweather v. Philadelphia Newspapers, Inc.*, 684 A.2d at 140.  Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.*

[2] On January 15, 2015, the Honorable R. Stephen Barrett granted Wells Fargo's motion for summary judgment in the Foreclosure Case and entered judgment in the mortgage foreclosure against Ferreri.  Ferreri appealed this decision, and this Court affirmed the order granting summary judgment in favor of Wells Fargo. *See Wells Fargo Bank, N.A. v. Ferreri*, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016) (unpublished memorandum decision).

On August 31, 2023, the trial court granted Fannie Mae's motion for summary judgment and denied Ferreri's motion to compel discovery, filed on April 14, 2022, which sought additional discovery relating to the underlying mortgage loan. Ferreri filed a timely notice of appeal and, on October 12, 2023, filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 11, 2024, the trial court issued its Rule 1925(a) opinion.

Ferreri raises the following four issues for our review:

[1.] Did the trial court commit an error of law and abuse its discretion by failing to find that the trial court in the underlying foreclosure action lacked subject matter jurisdiction rendering the foreclosure judgment void?

[2.] Did the trial court commit an error or law and abuse its discretion when it failed to hold the foreclosure judgment was procured through fraud and is therefore void?

[3.] Did the trial court commit an error of law and abuse its discretion when it held that Ferreri is collaterally estopped from asserting her claims?

[4.] Did the trial court commit an error of law and abuse its discretion by not allowing Ferreri to complete discovery related to Fannie Mae's motion for summary judgment?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

When an ejectment action is brought by the purchaser of a title obtained as a result of a sheriff's sale in a mortgage foreclosure, the grounds on which

the underlying judgment of foreclosure can be collaterally attacked are strictly limited.

> Initially, we note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment cannot be reached collaterally. However, in an ejectment action[,] it may be alleged that the judgment is void. A void decree can be attacked at any time. Where a judgment is void, the sheriff's sale [that] follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. A judgment [that] is void cannot support an ejectment action and may be asserted as a defense in the ejectment proceeding.

*Dime Savings Bank, FSB v. Greene*, 813 A.2d 893, 895 (Pa. Super. 2002) (citations omitted).

The basis of Ferreri's argument against the present ejectment action is that the foreclosure judgment against her was obtained by fraud because Wells Fargo lacked standing to sue in the Foreclosure Case. Therefore, Ferreri contends the judgment against her is void and the subsequent sheriff's sale is a nullity. This is the same argument of fraud that Ferreri made in the Foreclosure Case. Here, Ferreri reasserts this argument by claiming that new evidence of fraud has been uncovered after the conclusion of the Foreclosure Case. To support that argument, Ferreri presents evidence that Wells Fargo sold her loan to Fannie Mae two years before it filed the Foreclosure Case. *See* Appellant's Brief, at 37. That assertion was already made by Ferreri in the Foreclosure Case and both the trial court and this Court deemed that

insufficient to prevent foreclosure.  ***See Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016), at 9 (unpublished memorandum decision).  The only difference in Ferreri's current version of the claim is a change in the timeline in which the sale occurred, which adds nothing of substance.  ***See*** Trial Court Opinion, 1/11/24, at 7.  Second, Ferreri cites evidence that Wells Fargo did not have physical possession of the promissory note but rather the note was held by a "custodian" of Fannie Mae.  ***See*** Appellant's Brief, at 38.  Likewise, this evidence does not establish fraud; in fact, Wells Fargo specifically alleged in the Foreclosure Case that it "directly *or through an agent*, has possession of the Promissory Note."  ***See*** Trial Court Opinion, 1/11/24, at 7 (emphasis in original).  This "new" evidence does not substantially change the argument of fraud previously asserted in the Foreclosure Case.

Furthermore, Ferreri's claims regarding lack of standing and fraud were previously argued and rejected in the underlying Foreclosure Case by both the trial court and this Court.[3]  Therefore, Ferreri is precluded from relitigating the issues under the doctrine of collateral estoppel or issue preclusion.  As this Court has explained:

> The doctrine of collateral estoppel . . . operates to prevent a
> question of law or an issue of fact [that] has once been litigated

---

[3] In the Foreclosure Case, this Court found Ferreri's allegations against Wells Fargo's standing in the Foreclosure Case "baseless" and that her allegations of fraud by Wells Fargo were "lack[ing] merit."  ***Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016) at 8, 10 (unpublished memorandum decision).

and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar[.] [A] plea of collateral estoppel is valid if[:] 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action.

***Day v. Volkswagenwerk Aktiengesellschaft***, 464 A.2d 1313, 1318-19 (Pa. Super. 1983) (citations omitted).

Here, Ferreri's argument that Wells Fargo lacked standing to sue for foreclosure is the exact argument she made in the Foreclosure Case. There was a final judgment in the Foreclosure Case that was affirmed on appeal. Ferreri was the Defendant in both cases. Ferreri had a full and fair opportunity to litigate the issue in the prior case. Additionally, this Court agrees with the trial court's rejection of Ferreri's assertion that the denial of her defense in the Foreclosure Case is not preclusive because it was obtained by fraud. ***See*** Trial Court Opinion, 1/11/24, at 6. Simply asserting the claim of fraud is not enough to avoid preclusion. Even considering the "new" evidence discussed above, Ferreri has failed to prove the foreclosure judgment was the product of fraud.

Lastly, Ferreri argues that the trial court incorrectly precluded her from completing discovery.

A trial court is not required to grant a party additional time for discovery before ruling on a summary judgment motion where the parties have already had a reasonable time for discovery and the

> party opposing summary judgment has not demonstrated that it was prevented from timely completing the necessary discovery.

***Barrell v. Streamlight, Inc.***, 222 A.3d 1137, 1142 n.2 (Pa. Super. 2019), citing ***Ft. Cherry Sch. Dist. v. Gedman***, 894 A.2d 135, 140 (Pa. Super. 2006).

As correctly opined by the trial court, Ferreri had more than three years to take discovery in this case, which does not even include the prior five years of proceedings in the Foreclosure Case. ***See*** Trial Court Opinion, 1/11/24, at 14. Clearly, Ferreri had ample time for discovery before the trial court issued its summary judgment decision.

After reviewing the parties' briefs, the record, and the relevant case law, we conclude that the well-reasoned opinion by the Honorable Jeffrey S. Saltz thoroughly and properly disposes all of Ferreri's issues on appeal, and we affirm on the basis of that opinion. The parties are directed to attach a copy of the opinion in the event of further proceedings.

As a separate and additional matter, this Court deems appropriate the imposition of attorneys' fees against Ferreri, pursuant to Rule 2744, on the grounds that this appeal is frivolous. Rule 2744 provides for the award of reasonable attorneys' fees when this Court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against

whom costs are to be imposed is dilatory, obdurate[,] or vexatious."[4] Pa.R.A.P. 2744.

> [M]ultiple appeals, taken for the purpose of delay, which focus on issues that have already been resolved, or which present arguments running counter to well[-]settled rules of law will be deemed "frivolous" by this [C]ourt. Such appeals are the proper subject for sanctions under Rule 2744. . . [A]n appeal is considered "frivolous" and warrants the award of attorney fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success. *Richland School District v. Richland Education Association*, [] 556 A.2d 531[, 553] ([Pa. Cmwlth.] 1989)."

***Murphy v. Murphy***, 599 A.2d 647, 654 (Pa. Super. 1991) (citations omitted).

The underlying Foreclosure Case began in January 2009, when Ferreri defaulted on her mortgage of slightly less than three years. ***See*** Fannie Mae Summary Judgment Motion, 2/3/23, at 3-4, 37. Since then, including the present appeal, Ferreri has appealed to this Court three times on the issue of the mortgage foreclosure. ***See Wells Fargo Bank, N.A. v. Ferreri***, 199 A.3d 892 (Pa. Super. 2018); ***id.***, No. 403 EDA 2015, (Pa. Super. filed Nov. 15, 2016) (unpublished memorandum decision). This Court understands that this ejectment action was delayed by the COVID-19 pandemic and not due to the fault of either party. However, between the present ejectment case and the underlying Foreclosure Case, Ferreri has been litigating not only the same issue for more than 15 years, but the same rejected arguments of fraud as

---

[4] Appellate courts can impose fees *sua sponte* under Rule 2744. ***See Wallace v. State Farm Mutual Automobile Insurance Company***, 199 A.3d 1249, 1257 (Pa. Super. 2018).

well. Ferreri argues that "she is entitled to pursue any and all claims she has against the financial institutions who came before the courts with unclean hands." *See* Appellant's Brief, at 9. While she has pursued "any and all claims," Ferreri has brought no new material evidence to this appeal and, instead, has continued to cite the same argument of fraud to attack the underlying foreclosure judgment.

In the Foreclosure Case, Ferreri "filed her response admitting that she had executed the note and mortgage. . . [and] that she was in default." ***Wells Fargo Bank, N.A. v. Ferreri***, 403 EDA 2015 (Pa. Super. filed Nov. 15, 2016) at 2 (unpublished memorandum decision). For each delay resulting from the mortgage foreclosure, the sheriff's sale, and now the ejectment action, Ferreri has continued to live on the premises essentially for free. Those delays are the direct result of the multiple appeals brought by Ferreri to relitigate the same issue with nothing of substance added to the record facts. Based on the foregoing, we find this appeal is frivolous.

Accordingly, we affirm the trial court's order granting summary judgment and remand this matter back to the trial court, pursuant to Rule 2744, for the purpose of determining the appropriate amount of attorneys' fees and costs to be awarded to Fannie Mae.

Order affirmed. Case remanded for the imposition of attorneys' fees and costs. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/24/2025</u>

Case# 2019-18305-95 Docketed at Montgomery County Prothonotary on 01/11/2024 3:54 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | No. 2019-18305<br>Superior Court No. 2563 EDA 2023 |
| | : | |
| vs. | : | |
| | : | |
| LISA FERRERI, A/K/A LISA A. FERRERI AND/OR ANY AND ALL CURRENT OCCUPANTS | : : : | |

**OPINION**

**SALTZ, J.**                                                                                    **January 11, 2024**

## I.    HISTORY OF THE CASE

Defendant Lisa Ferreri lost ownership of her residence in Lower Merion Township as a result of a judgment of mortgage foreclosure and Sheriff's sale. During the course of the mortgage foreclosure proceedings, Ms. Ferreri repeatedly asserted that foreclosure was not proper because the plaintiff bank lacked standing to sue. Those assertions were consistently rejected by this Court and, on appeal, by the Superior Court. Following the foreclosure sale, Ms. Ferreri failed to vacate the premises, and Fannie Mae a/k/a Federal National Mortgage Corporation, the grantee under the Sheriff's Deed, brought the present action in ejectment to obtain possession. Ms. Ferreri's principal defense to ejectment was, once again, that the plaintiff in the foreclosure proceedings lacked standing to sue and that the foreclosure judgment was therefore obtained by fraud. Because this contention had already been repeatedly rejected in the foreclosure case after a full and fair opportunity to present it, this Court granted summary judgment in favor of Fannie Mae and awarded a judgment for possession.

1

## A.    The Prior Foreclosure Case

In 2006, Ms. Ferreri obtained the subject mortgage loan from Wachovia Bank, National Association ("Wachovia"), secured by a Mortgage on her residence in Lower Merion Township. The loan fell into default, and on December 11, 2009, Wachovia commenced an action in mortgage foreclosure in this Court, at No. 2009-42684 ("the Foreclosure Case"). On April 14, 2014, pursuant to Praecipe filed by counsel for Wachovia, Wells Fargo Bank, N.A. ("Wells Fargo"), the successor by merger to Wachovia, was substituted as the plaintiff. On July 3, 2014, Wells Fargo filed the Plaintiff's Motion for Summary Judgment. After extensive briefing and oral argument, the Court, by the Honorable R. Stephen Barrett, issued an Order dated January 15, 2015, granting Wells Fargo's Motion and entering judgment in mortgage foreclosure against Ms. Ferreri. On January 26, 2015, Ms. Ferreri filed a Motion for Reconsideration.

On February 9, 2015, without awaiting a ruling on her Motion for Reconsideration, Ms. Ferreri filed a Notice of Appeal to the Superior Court. On March 10, 2015, Ms. Ferreri filed her Concise Statement of Errors Complained of on Appeal. On October 26, 2015, Judge Barrett issued an Opinion in support of his Order granting summary judgment. By Memorandum of November 15, 2016, the Superior Court affirmed the summary judgment. *Wells Fargo Bank, N.A. v. Ferreri*, No. 403 EDA 2015, 2016 WL 6778173 (Pa. Super. Nov. 15, 2016). On November 29, 2016, Ms. Ferreri filed an Application for Reargument, which the Superior Court denied by Order of January 20, 2017. A Sheriff's sale of the property was held on October 25, 2017, and a Sheriff's Deed conveying the property to Federal National Mortgage Corporation was executed on November 22, 2017.[1]

---

[1] Ms. Ferreri filed with this Court a Petition to Set Aside Sheriff's Sale, which was denied by Order of February 12, 2018. Ms. Ferreri again appealed to the Superior Court, which affirmed the Order on November 26, 2018. *Wells Fargo Bank, N.A. v. Ferreri*, 199 A.3d 892 (Pa. Super. 2018). She then filed with the Supreme Court a Petition for Allowance of Appeal, which was denied on May 30, 2019. *Wells Fargo Bank, N.A. v. Ferreri*, 212 A.3d 506 (Pa. 2019).

Case# 2019-18305-95 Docketed at Montgomery County Prothonotary on 01/11/2024 3:54 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Throughout the proceedings in the Foreclosure Case, Ms. Ferreri repeatedly asserted that Wells Fargo was not the true owner of the note and mortgage at issue, that Fannie Mae was the true owner and thus a necessary party, and that Wells Fargo therefore lacked standing to sue. For example, in her Response to the Motion for Summary Judgment, Ms. Ferreri asserted that the loan "had been transferred from Wells Fargo to at least one other entity. Specifically, the Federal National Mortgage Association ('Fannie Mae') had claimed to own the Note . . . ." (Def.'s Resp. to Pl.'s Mot. for Summ. J. ¶ 28 (Foreclosure Case, Seq. 55).) In a "Sur-Sur Reply" to the same Motion, she stated:

> [N]or is Wells Fargo the holder in due course of the Note . . . . Plaintiff is misrepresenting a note and what a mortgage represents. . . . Plaintiff does not own the Note . . . .
>
> . . . Fannie Mae is one party that has claimed ownership of the Note. . . . Plaintiff has not demonstrated any form of evidence that they are the owner of the Note, nor have they attached the wet ink Note, nor any other evidence of any kind to support their position. [Def.'s Sur-Sur Reply to Pl.'s Sur Reply to Def.'s Reply to Pl.'s Mot. for Summ. J. ¶ 4 (Foreclosure Case, Seq. 61).]

In her Concise Statement of Errors Complained of on Appeal (Foreclosure Case, Seq. 78), Ms. Ferreri stated:

> 5.      This Honorable Court erred . . . in finding that Plaintiff was a holder in due course of the note in question (the "Note") or that Plaintiff was ever in physical possession of the Note, or ever an owner of the Note, as Plaintiff presented no evidence of those facts.
>
> 6.      This Honorable Court erred . . . when it permitted Plaintiff to argue as agent, as successor by merger, and as owner of the Note without proof of standing to proceed in any of these roles. As a result, this Honorable Court failed to require Plaintiff to prove standing in any capacity while commencing this action. . . . Wells Fargo produced documents that clearly admit that they are not the owner nor the assignee, but are at best a servicer of an undetermined entity.
>
> . . . .

3

12. This Honorable Court erred . . . by failing to consider Federal National Mortgage Association's ("Fannie Mae") claim of ownership of the loan . . . .

Judge Barrett, in his Opinion under Rule 1925 of the Pennsylvania Rules of Appellate Procedure, addressed and rejected each of the errors asserted by Ms. Ferreri. The Superior Court, in affirming the judgment of mortgage foreclosure, necessarily rejected each of these arguments as well.

## B.     The Present Ejectment Case

Following the Sheriff's sale to Fannie Mae and Ms. Ferreri's failure to vacate the premises, Fannie Mae brought the present action for ejectment on July 19, 2019. On February 3, 2023, Fannie Mae filed the Plaintiff's Motion for Summary Judgment, and on May 25, 2023, Ms. Ferreri filed Defendant's Motion for Summary Judgment. The thrust of Ms. Ferreri's argument was that Wells Fargo had lacked standing to sue in the Foreclosure Case and that the foreclosure judgment and resulting Sheriff's sale were therefore tainted by fraud and void. Oral argument on both Motions was held before the undersigned on August 8, 2023.

In an Order of August 31, 2023, the Court denied Ms. Ferreri's Motion, granted Fannie Mae's Motion, and entered judgment in favor of Fannie Mae and against Ms. Ferreri for possession of the premises. By the same Order, the Court denied Defendant's Motion to Compel Discovery, seeking additional discovery relating to the underlying mortgage loan. On September 22, 2023, Ms. Ferreri filed a Notice of Appeal to the Superior Court, and on October 12, 2023, she filed a timely Concise Statement of Matters Complained of on Appeal ("Concise Statement").

4

## II.   BASIS FOR THE COURT'S DECISION

When title to premises has been obtained as a result of a sheriff's sale in a mortgage foreclosure, and where the purchaser of the premises subsequently sues for ejectment of the occupants, the grounds on which the underlying judgment of foreclosure can be collaterally attacked are strictly limited.

> Initially, we note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment can not be reached collaterally. However, in an ejectment action it may be alleged that the judgment is void. A void decree can be attacked at any time. Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. A judgment which is void can not support an ejectment action and may be asserted as a defense in the ejectment proceeding.

*Dime Savings Bank, FSB v. Greene*, 813 A.2d 893, 895 (Pa. Super. 2002) (citations omitted).

In the present case, Ms. Ferreri asserts that the foreclosure judgment against her was obtained by fraud because, she contends, Wells Fargo was without standing to sue. The obvious flaw in this contention is that it has already been rejected, by both this Court and the Superior Court, in the foreclosure case itself. She is therefore precluded from relitigating the issue under the doctrine of collateral estoppel, or issue preclusion. As the Superior Court has explained:

> The doctrine of collateral estoppel . . . operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar. . . . [A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action.

*Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1318-19 (Pa. Super. 1983) (citations omitted).

5

All four elements of collateral estoppel are satisfied in the present case. As shown above, Ms. Ferreri's contention in the present case that Wells Fargo lacked standing to sue for foreclosure is identical to the one she presented in the Foreclosure Case. There was a final judgment in the Foreclosure Case, affirmed on appeal. Ms. Ferreri is the Defendant in both cases. And Ms. Ferreri had a full and fair opportunity to litigate the issue in the prior case.

Ms. Ferreri has argued, however, that the rejection of her defense in the Foreclosure Case is not preclusive because it was obtained by fraud. The mere incantation of fraud, however, is not sufficient to avoid preclusion. As the Superior Court has held, "[t]here is no blanket exception to *res judicata* that allows a party to assert a fraud claim that the party could have asserted in a prior suit entitled to *res judicata* effect." *Khalil v. Cole*, 240 A.3d 996, 1004 (Pa. Super. 2020); *see id.* at 1005 (rejecting plaintiff's claim of fraud because she "had [the] opportunity to press her fraud claim in the [prior] suit").

To establish that the foreclosure judgment was the product of fraud, Ms. Ferreri has cited purported new evidence of fraud supposedly uncovered after the conclusion of the Foreclosure Case. A review of this evidence shows that there is nothing "new" about it. Ms. Ferreri focuses on two items. First, she cites "new" evidence that Wells Fargo sold her loan to Fannie Mae two years before it filed the Foreclosure Case. This is not a new assertion. Rather, Ms. Ferreri repeatedly argued in the Foreclosure Case that Wells Fargo was not the owner of the loan and that it had sold the loan to Fannie Mae. *See supra*, p. 3. Both this Court and the Superior Court found this argument insufficient to prevent foreclosure.

6

The only "new" evidence that Ms. Ferreri now presents relates to the *time* of the purported sale to Fannie Mae — i.e., that it occurred two years before Wells Fargo sued for foreclosure. This additional asserted fact adds nothing to the defense that was previously rejected. *See id.* at 1004 (rejecting "Appellant's argument . . . that the two cases are 'completely different' because in the [prior] suit she was only accusing Appellees of a little fraud, whereas now she is accusing them of more fraud, including the 'ongoing' fraud of, apparently, not admitting to Appellant's accusations.").

Second, Ms. Ferreri cites "new" evidence that physical possession of the promissory note was not held by Wells Fargo but rather by a "custodian." This evidence, again, adds nothing to the argument previously rejected in the Foreclosure Case. It is not inconsistent with Wells Fargo's assertion in the Foreclosure Case that it had the right to enforce the note. To the contrary, the unidentified custodian would have been *without* the power of enforcement because it was simply a "custodian." "As commonly understood in a commercial setting, a 'custodian' takes charge of or manages the property of another; a custodian does not take title to the property under its care and control." *Altman v. Kyler*, 221 A.3d 687, 705 (Pa. Cmwlth. 2019).

Thus, the physical location of the note with a "custodian" does not establish fraud in Wells Fargo's assertion of standing. A bank, like any corporate entity, "can act only though its officers, employees, and *other agents*," *Carmen Enters v. Murpenter, LLC*, 185 A.3d 380, 391 n.15 (Pa. Super. 2018) (emphasis added), and it is immaterial whether that agent is located within or without the corporate walls. Indeed, Wells Fargo specifically made this point in the Foreclosure Case, stating: "Wells Fargo, directly *or through an agent*, has possession of the Promissory Note." (Pl.'s Mot. for Summ. J. (Foreclosure Case, Seq. 54), Ex. I (Pl.'s Affidavit) ¶ 3 (emphasis added).) Evidence that physical possession of the note lies with a custodian is thus neither new nor indicative of fraud.

7

Case# 2019-18305-95 Docketed at Montgomery County Prothonotary on 01/11/2024 3:54 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

It is axiomatic that a claim of fraud must establish a misrepresentation "which is material to the transaction at hand." *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534, 540 (Pa. Super. 2003) (emphasis added), *aff'd mem.*, 881 A.2d 1262 (Pa. 2005). "A misrepresentation is material if it is of such character that had it not been made . . , the transaction would not have been consummated." *Sevin v. Kelshaw*, 611 A.2d 1232, 1237 (Pa. Super. 1992). Put another way, a judicial finding is procured by a fraudulent misrepresentation if, had the misrepresentation not been made, the judicial result would have been different. There is no basis for believing that the result in the Foreclosure Case would have been different if Ms. Ferreri had shown that Wells Fargo had sold the mortgage loan to Fannie Mae two years in the past (rather than on some indeterminate date in the past) or that Wells Fargo's "possession" of the note was through a custodian rather than an in-house agent.

In short, Ms. Ferreri had a full and fair opportunity — indeed, multiple opportunities — in the Foreclosure Case to advocate against foreclosure for lack of standing, and despite repeated efforts, she did not prevail. If Ms. Ferreri, having litigated and lost the issue, were permitted to collaterally attack the foreclosure judgment on the same grounds, contending that Wells Fargo's assertion of standing was fraudulent, then no judicial finding could ever be final. This is especially so where the purported "new" evidence of fraud adds nothing of substance to the facts that were already of record in the prior case. In its essence, Ms. Ferreri's assertion of fraud by Wells Fargo as a defense to ejectment is based on "the 'ongoing' fraud of, apparently, not admitting to [her] accusations" in the Foreclosure Case. *Khalil v. Cole*, 240 A.3d 996, 1004 (Pa. Super. 2020). This Court therefore concluded that Fannie Mae was entitled to summary judgment and possession of the premises.

8

Finally, the Court denied Defendant's Motion to Compel Discovery, on the ground that Ms. Ferreri had already had a full and fair opportunity to prove her claim of fraud and was not entitled to a further opportunity for discovery on what she had failed to establish in the Foreclosure Case.

## III. MS. FERRERI'S ASSERTED ERRORS ON APPEAL

With the above explanation as background, the Court now briefly addresses the asserted errors in Ms. Ferreri's Concise Statement. (Certain duplicative or overlapping assertions of error are addressed together.)

1. *"This statement of errors identifies some errors only in general terms, because the trial court's order and supporting footnote does [sic] not allow Ms. Ferreri to fully discern the exact basis for all of the Court's decisions. See Pa. R.A.P. 1925 (b)(4)(vi)."*

This paragraph is not an assertion of error but rather an introductory comment. In any case, the Court believes that the single-spaced full-page footnote in its Order of August 31, 2023, especially when read in the context of the parties' Motions and supporting Memorandums, was sufficient to apprise Ms. Ferreri of the basis for the Order.

2. *"The trial court erred to the extent it found that it had subject matter jurisdiction in the underlying foreclosure action."*

3. *"The trial court erred to the extent it found that Fannie Mae was not an indispensable party to the underlying mortgage foreclosure. This is a non-waivable issue that can be raised at any time. [Citation of authority omitted.]"*

The only basis on which Fannie Mae could have been considered an indispensable party in the Foreclosure Case is Ms. Ferreri's assertion that Fannie Mae, and not Wells Fargo, was the sole entity with authority to enforce the mortgage. That assertion was rejected in the Foreclosure Case, and Ms. Ferreri is precluded from relitigating the issue in the present case.

9

Case# 2019-18305-95 Docketed at Montgomery County Prothonotary on 01/11/2024 3:54 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.  *"The trial court erred to the extent it found that Wells Fargo and/or Wachovia were a 'secured party' or that those parties had a 'security interest' under 13 Pa.C.S. §9604 as those terms are defined in 13 Pa.C.S. §9102 and that Wells Fargo and/or Wachovia had the authority to bring an 'action' under Pa.R.C.P. 1141(a). It is clear from the record that at the time of the foreclosure action and judgment those entities had sold any security interest they had to Fannie Mae and could not and did not qualify as a 'secured party.' They no longer had and no longer had [sic] an enforceable 'security interest' under Pennsylvania law. Gerber v. Piergrossi, 142 A.3d 854, 859 (Pa. Super. 2016) (A person foreclosing on a mortgage must own or hold the note.)"*

As discussed above, this issue was raised and rejected in the Foreclosure Case, and Ms. Ferreri is precluded from relitigating it. Further, the citation of *Gerber* makes clear that the plaintiff in foreclosure need not "own" the note if it "holds" the note.

5.  *"The trial court erred to the extent it found that Fannie Mae adduced sufficient evidence that Wachovia and/or Wells Fargo had authority to act on its behalf in the underlying foreclosure matter when Fannie Mae's corporate witness testified that Fannie Mae plays no role in foreclosures and does not authorize or provide authority for the filing of foreclosure proceedings."*

Once again, the question of Wells Fargo's authority to foreclose was determined in the Foreclosure Case.

In any event, the testimony of Fannie Mae's corporate representative that Fannie Mae itself does not handle foreclosure supports the conclusion that Wells Fargo, its servicer, was authorized to do so. Ms. Ferreri's contention that Fannie Mae's corporate representative testified that Wells Fargo lacked such authority seriously mischaracterizes the testimony in question:

> Q.    . . . But the underlying foreclosure was prosecuted in the name of the service provider, Wells Fargo. They were substituted after the merger with Wachovia. But there wasn't an appearance entered by a law firm on behalf of Fannie Mae, I can represent that to you.
>
> Is that how the process would work? Fannie Mae doesn't get represented in these foreclosures, you leave it up to the service provider, there's no authorization, there's no authority, it's just handled by the service provider, you really have no role in it; is that correct?

10

BY [MS. FERRERI'S COUNSEL:]

Q. I'm sorry. What was the answer, sir?

A. That's right. [Def.'s Mot. for Summ. J., Ex. 7 (Dep. of Robert Morgan), at 131-32.]

Thus, the actual testimony cited by Ms. Ferreri — instead of her misleading paraphrase — makes clear that Wells Fargo was a proper plaintiff in foreclosure.

6. *"The trial court erred in granting summary judgment in favor of Fannie Mae because Fannie Mae did not adduce sufficient evidence in admissible form in support of its requested relief."*

It is unclear how Ms. Ferreri asserts that Fannie Mae failed to show its entitlement to ejectment. The record on summary judgment included the Sheriff's Deed to Fannie Mae, establishing its ownership of the premises (Pl.'s Mot. for Summ. J., Ex. 9), and Ms. Ferreri admits that she remains in possession. *See, e.g.*, *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002) ("Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession.").

7. *"The trial court erred in denying Ms. Ferreri's motion for summary judgment because she adduced sufficient evidence to prove that the trial court did not have subject matter jurisdiction of the underlying foreclosure judgment. Ms. Ferreri also adduced sufficient evidence that the underlying foreclosure judgment was void as a matter of law."*

8. *"The trial court erred when it held that the underlying fraud used to procure the foreclosure judgment was not 'material' and thus could not sustain Ferreri's fraud defense to Fannie Mae's request for ejectment. [Citation of authority omitted.] Indeed, Wachovia and Wells Fargo were not permitted to bring the underlying foreclosure case and lied to this Court and to the Pennsylvania Superior Court on an essential issue relating to their claimed statutorily based argument for standing. Thus, these issues were essential for the court to have subject matter jurisdiction over the foreclosure matter."*

The validity of the underlying foreclosure judgment is addressed at length above.

11

9.  *"The trial court erred to the extent it applied the doctrine of res judicata by finding Fannie Mae was a party, or in privity with a party, to the underlying foreclosure action. Indeed, the record evidence was to the contrary because (a) Wells Fargo and/or Wachovia did not disclose the pre-foreclosure assignment to Fannie Mae under Pa.R.C.P. 1147, (b) that Fannie Mae was not in the caption to the underlying foreclosure action, and (c) Fannie Mae's corporate representative testified that Fannie Mae did not authorize Wells Fargo and/or Wachovia to file the foreclosure action."*

Collateral estoppel, or issue preclusion, based upon findings made in a prior action, does not require that the parties to the two actions be the same, so long as the party *that is precluded* (or its privy) is a party to both actions.

> Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either "a sword or a shield" by a stranger to the [prior] action, as long as the party against whom the defense is invoked is the same."

*Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1319 (Pa. Super. 1983) (quoting *Thompson v. Karastan Rug Mills*, 323 A.2d 341, 344 (Pa. Super. 1974) (bracketed insert by the *Day* Court)). In this instance, Ms. Ferreri was a party in both the Foreclosure Case and the Ejectment Case and is therefore subject to issue preclusion.

Ms. Ferreri's mischaracterization of the testimony of Fannie Mae's corporate representative is addressed *supra*, pp. 10-11.

10.  *"The trial court erred as a matter of law when it created a limitless fraud exception to the doctrine of res judicata."*

The Court is at a loss to understand this assertion of error. No "fraud exception" was created or applied by this Court.

12

11.     *"The trial court erred when it found that Ms. Ferreri's assertions of fraud in this case have already been rejected by both this Court and the Superior Court. Indeed, the record is plainly to the contrary. The fact that these issues were not raised was admitted during oral argument by counsel for Fannie Mae after the Court asked a direct question about it. [Quotation from transcript of oral argument omitted.]"*

As discussed in detail *supra*, pp. 6-8, the two "new" items of evidence raised by Ms. Ferreri in the present case — "that the note had been sold two years prior" and "that the note and related documents have been sent to the records custodian" (Tr., 8/8/23, at 30) — were immaterial elaborations on the same claims made in the Foreclosure Case. Immediately following the colloquy at oral argument quoted by Ms. Ferreri, Fannie Mae's counsel went on to describe these "new" items as "irrelevant." (Tr., 8/8/23, at 31.)

12.     *"The trial court erred in failing to hold that the fraud Ms. Ferreri alleges in this action renders the foreclosure judgment void."*

13.     *"The trial court erred when it failed to apply the maxim of the common law that fraud vitiates whatever it touches. For at least a century, our Supreme Court has held that "[c]ourts, when appealed to, will prevent the triumph of fraud, and, where a judgment has been obligated by fraud, no court will permit its records and processes to be the instruments of infamy." See, Sallada v. Mock, 121 A. 54 (Pa. 1923). Here, the trial court has allowed its records and processes to be used to cover-up fraud in Ms. Ferreri's case and apparently is content to allow fraud to potentially triumph outside of this case, because it ignored the undisputed evidence that Wells Fargo and/or Wachovia have apparently never identified an assignment to Fannie Mae in a foreclosure case in Montgomery County based upon information available at the Department of Public Records in electronic format."*

Ms. Ferreri's assertions of fraud have been fully addressed above.

Case# 2019-18305-95 Docketed at Montgomery County Prothonotary on 01/11/2024 3:54 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14. *"The trial court erred in denying Ms. Ferreri's request for additional discovery which accompanied her response to Fannie Mae's motion for summary judgment."*

15. *"The trial court erred in denying Ms. Ferreri's pending motion to compel discovery."*

"Although parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment, the party seeking discovery is under an obligation to seek discovery in a timely fashion." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1124 (Pa. Super. 2004).

> A trial court is not required to grant a party additional time for discovery before ruling on a summary judgment motion where the parties have already had a reasonable time for discovery and the party opposing summary judgment has not demonstrated that it was prevented from timely completing the necessary discovery.

*Burrell v. Streamlight, Inc.*, 222 A.3d 1137, 1142 n.2 (Pa. Super. 2019) (citing *Ft. Cherry Sch. Dist. v. Gedman*, 894 A.2d 135, 140 (Pa. Super. 2006)).

In the present case, Ms. Ferreri had more than three years to take discovery after service of the Complaint in ejectment — not counting the five prior years of proceedings in the Foreclosure Case before judgment in that case was entered. Ms. Ferreri clearly had more than "a reasonable time for discovery," *id.*, and was not entitled to yet additional discovery in support of a fraud claim based on contentions that had already been fully litigated and decided against her.

14

## IV.   CONCLUSION

For the reasons set forth above, the Court granted Fannie Mae's Motion for Summary Judgment and denied Ms. Ferreri's Motion.

BY THE COURT:

JEFFREY S. SALTZ,                    J.

efiled on: 1-11-24
copies emailed on: 1-11-24            to:
Andrea Grace, Esquire, Court Administration -- Civil Division
Michael Jorgensen, Court Administration- Civil Division

Case# 2019-18305-95 Docketed at Montgomery County Prothonotary on 01/11/2024 3:54 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

15